**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LESLIE DIAZ, ET AL.,**<br>Plaintiff,<br>v.<br>**H.B. FULLER COMPANY, ET AL.,**<br>Defendants. | Case No. 1:26-cv-02441<br>Judge Michael J. Hendershot |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Dated: November 17, 2026

Respectfully submitted,

*/s/ Andrew N. Domozick*

Ryan J. Morley, Bar No. 0077452
rmorley@littler.com
Andrew N. Domozick, Bar No. 101167
adomozick@littler.com
Katherine Mills, Bar No. 102569
kamills@littler.com
LITTLER MENDELSON, P.C.
Key Tower
127 Public Square, Suite 1600
Cleveland, Ohio 44114-9612
Telephone: 216.696.7600
Facsimile: 216.696.2038

Attorneys for Defendants H.B. FULLER COMPANY, ADCO PRODUCTS, LLC, AND ADCO PRODUCTS, INC.

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................ 1

II. RELEVANT FACTUAL BACKGROUND ........................................................ 2

III. LAW AND ARGUMENT ........................................................ 4

A. The Filing of Defendants' Partial Motion to Dismiss Suspends the Time to Answer Plaintiffs' Complaint........................................................ 4

B. Rule 12(b)(6) Standard of Review ........................................................ 5

C. Plaintiffs Failed to Exhaust Their Administrative Remedies as To ADCO Products, LLC, and ADCO Products, Inc. ........................................................ 6

D. Plaintiffs Failed to Exhaust Their Administrative Remedies as To Their Retaliation Claims........................................................ 8

1. Plaintiffs Failed To Exhaust Their Administrative Remedies As To Any Retaliation Claim ........................................................ 9

E. Plaintiffs' Complaint Fails to State a Plausible Promissory Estoppel Claim........ 12

IV. CONCLUSION ........................................................ 14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abel v. Marlin Mfg. Co.*,
2025 LX 463146 (N.D. Ohio Sep. 22, 2025)....6, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....5, 6, 13

*Banjerjee v. Univ. of Tenn.*,
820 F. App'x 322 (6th Cir. 2020)....5

*Begala v. PNC Bank, Ohio, N.A.*,
214 F.3d 776 (6th Cir. 2000)....6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....13

*Blake v. Dollar Bank*,
2026 LX 105730 (N.D. Ohio Mar. 12, 2026)....11

*Clayton v. Cleveland Clinic Found.*,
2015-Ohio-1547 (8th Dist. Ct. App.)....14

*Clifford v. Dep't of Youth Servs. Indian River Juv. Corr. Facility*,
2023 U.S. Dist. LEXIS 182483 (N.D. Ohio Oct. 11, 2023)....10

*Coles v. Johnny Appleseed Broad Co.*,
479 F. Supp. 3d 585 (N.D. Ohio 2020)....11

*Gaston v. Cuyahoga Community College*,
2025 U.S. Dist. LEXIS 48223 (N.D. Ohio Mar. 17, 2025)....10

*Golden v. City of Columbus*,
404 F.3d 950 (6th Cir. 2005)....5

*Goodyear Tire & Rubber Co. v. Daimler Trucks N. Am., LLC*,
2017 U.S. Dist. LEXIS 149202 (N.D. Ohio Sep. 14, 2017)....13

*Gurish v. Ohio Dep't of Mental Retardation & Developmental Disabilities*,
2012 U.S. Dist. LEXIS 119435 (N.D. Ohio Aug. 23, 2012)....10

*Holloway v. JTM Capital Mgmt., LLC*,
No. 1:18CV1794, 2019 U.S. Dist. LEXIS 34984 (N.D. Ohio Mar. 5, 2019) ....5

*Jackson v. Wal-Mart Inc.*,
2019 U.S. Dist. LEXIS 114626 (S.D. Ohio July 10, 2019) ....3, 10

*Lake v. Wolff Bros. Supply, Inc.*,
1993 Ohio App. LEXIS 5352 (8th Dist. Ct. App.) ....14

*Manwaring v. Martinez*,
527 F. Appx 390 (6th Cir. 2013) ....14

*Mohamed Warsame v. Se. Healthcare, Inc.*,
2026 LX 502088 (S.D. Ohio Sep. 28, 2026) ....6, 8, 9

*Phoenix v. Wormuth*,
No. 23-5130, 2023 U.S. App. LEXIS 30226 (6th Cir. Nov. 13, 2023) ....4

*Rogers v. Nat'l City Corp.*,
2009-Ohio-2708 (8th Dist. Ct. App.) ....14

*Stewart v. Everyware Glob., Inc.*,
68 F. Supp. 3d 759 (S.D. Ohio 2014) ....13

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*,
552 F.3d 430 (6th Cir. 2008) ....5

*Weldon v. Warren Cty. Children Servs*,
2012 U.S. Dist. LEXIS 162615 (S.D. Ohio Nov. 14, 2012) ....11

*Williams v. City of Columbus*,
892 F. Supp. 2d 918 (S.D. Ohio Sept. 12, 2012) ....6, 7

*Williams v. Northwest Airlines*,
53 Fed. Appx. 350, 2002 U.S. App. LEXIS 26362 (6th Cir. 2002) ....9

*EEOC v. Wilson Metal Casket Co.*,
24 F.3d 836 (6th Cir. 1994) ....9

*Wilson v. Bridgewell Hosp./Evergreen*,
2014 U.S. Dist. LEXIS 178487 (S.D. Ohio Dec. 3, 2014) ....8

**Statutes**

42 U.S.C. § 2000e-3(a) ....9

42 U.S.C. § 12203(a) ....................9

R.C. Chapter 4112....................4, 8, 14

R.C. Chapter 4112.02(I)....................9

R.C. § 4112.052 ....................9

**Other Authorities**

5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (3d ed. 2020)....................5

## I. INTRODUCTION

Plaintiffs Leslie Diaz ("Diaz") and Dalonte Watkins, Sr. ("Watkins") (collectively, "Plaintiffs") failed to exhaust their administrative remedies as to all discrimination and retaliation claims against ADCO and their retaliation claims against H.B. Fuller. Diaz filed the only Charge related to this matter, naming only H.B. Fuller as a respondent. Diaz's Charge did not name ADCO, and the Complaint does not allege that ADCO had notice of the Charge, participated in the OCRC proceedings, or otherwise had an opportunity to engage in conciliation. Plaintiffs' discrimination and retaliation claims against ADCO therefore must be dismissed.

Plaintiffs also failed to exhaust their administrative remedies as to their retaliation claims against H.B. Fuller. Watkins seeks to rely on Diaz's Charge under the "single-filing rule," but Diaz did not assert a retaliation claim in her Charge, and no such claim could reasonably be expected to grow out of its allegations. Diaz therefore did not exhaust her retaliation claims and, in turn, nor did Watkins (assuming the single-filing rule even applies, which Defendants contest). Plaintiffs' retaliation claims therefore must be dismissed.

Watkins's promissory estoppel claim should also be dismissed. Even construed in a light most favorable to Watkins, the Complaint does not allege sufficient facts establishing a clear and unambiguous promise or reasonable detrimental reliance on that promise.

Accordingly, Defendants seek dismissal with prejudice under Rule 12(b)(6) of all discrimination and retaliation claims against ADCO (Counts I-IX); Diaz's retaliation

claims (Counts I, IV, and IX); Watkins's retaliation claims (Counts V and VI); and Watkins's promissory estoppel claim (Count XI).

## II. RELEVANT FACTUAL BACKGROUND

The following statement is drawn from the allegations in Plaintiffs' Complaint, which the Court must accept as true for purposes of this motion. Defendants do not concede the truth of any of the allegations asserted in Plaintiffs' Complaint and reserve the right to contest and challenge the allegations.

Defendants hired Plaintiffs at their Chargin Falls facility and later transferred them to their Maple Heights facility. (Compl. ¶ 24). Watkins earned $22 per hour. In August 2024, Defendants allegedly agreed to increase Watkins's hourly wage to $25 per hour. (Compl. ¶¶ 25-26). Watkins continued working for $22 per hour for five months but never received the increased rate or backpay. (Compl. ¶ 27).

On January 30, 2025, a co-worker showed Plaintiffs a pornographic video. (Compl. ¶ 29). Diaz reported the incident to her manager. On February 2, 2026, Plaintiffs jointly submitted a complaint of sexual harassment and favoritism through the company's internal reporting system. (Compl. ¶¶ 30, 32).

On February 27, 2025, Diaz received a document reflecting four attendance occurrences. (Compl. ¶ 47). After being told she would soon be fired, she experienced an anxiety episode and left work. (Compl. ¶ 49). Diaz's treating provider documented that she was unable to work from February 27 to March 3. (Compl. ¶ 50). Diaz emailed the plant manager, disclosed her condition, stated that she would return on Monday with documentation, and asked that her absence be excused. (Compl. ¶ 51). She was told that

her absences would be unexcused and that absences had to be processed by a third-party vendor. (Compl. ¶¶ 51-52). Defendants terminated Diaz for attendance on February 28, 2025 after she had accumulated seven occurrences and terminated Watkins for attendance on March 6, 2025. (Compl. ¶¶ 56-57, 63).

On May 26, 2025, Diaz alone dual-filed a Charge with the Ohio Civil Rights Commission ("OCRC") and Equal Employment Opportunity Commission ("EEOC"), naming only H.B. Fuller. (Compl. ¶ 17; **Exhibit 1**, Charge of Discrimination). The Court may properly consider Diaz's Charge in its ruling on this motion as it is referenced and quoted in the Complaint and is central to the claims. *See Jackson v. Wal-Mart Inc.*, 2019 U.S. Dist. LEXIS 114626, at *3 (S.D. Ohio July 10, 2019), citing *Bassett v. Nat'l Collegiate Athletic Ass*'«, 528 F.3d 426, 430 (6th Cir. 2008). The Charge neither named nor referenced ADCO. (*Id.*). The Complaint also does not allege that ADCO had notice of the Charge, participated in the OCRC proceedings, or had an opportunity to engage in conciliation. The Charge asserted only a disability discrimination claim, and Diaz did not check the "retaliation" box. (Ex. 1). Watkins filed no Charge and instead seeks to rely on Diaz's Charge. (Compl. ¶ 23). Diaz's Charge states in full:

> [O]n 2/27/25 I needed to leave work early for reasons related to my disability. My anxiety was severely triggered directly by my employer. I asked to be excused by the plant manager Jim, for my early departure as well as asked to be excused for the following day as I was excused from work until the following week and given new medications by my psychiatrist. I was denied by both Jim and Sherry in HR having my early departure and absence excused despite having the proper documentation. I received attendance points for both days and was terminated on February 28th for attendance. However my actual attendance balance was altered by my employer just 1-2 weeks after my Husband Dalonte Watkins Sr. and I submitted a compl[ai]nt to HR regarding employee misconduct. I believe

> we were both set up for termination and let go as a result of the submitting our complaint.

(Compl. ¶ 19; Ex. 1).

Plaintiffs commenced this action on September 18, 2026, asserting claims that were either not administratively exhausted, including claims against entities not named in the Charge, or otherwise are insufficiently pleaded. As discussed below, dismissal is warranted as to: (1) all discrimination and retaliation claims asserted against ADCO (Counts I-IX), because ADCO was not named in the Charge and the Complaint does not sufficiently allege a clear identity of interest between ADCO and H.B. Fuller; (2) Diaz's retaliation claims under Title VII, the ADA, and R.C. Chapter 4112 (Counts I, IV, and IX), because she did not exhaust any retaliation claim; (3) Watkins's retaliation claims under Title VII and the ADA (Counts V and VI), because Watkins filed no Charge and cannot rely on Diaz's unexhausted retaliation claims under the single-filing rule; and (4) Watkins's promissory estoppel claim (Count XI), because the Complaint does not plausibly state a promissory estoppel claim.

## III. LAW AND ARGUMENT

### A. The Filing of Defendants' Partial Motion to Dismiss Suspends the Time to Answer Plaintiffs' Complaint

As a procedural matter, the Sixth Circuit Court of Appeals has recognized that the filing of a partial motion to dismiss suspends the time within which Defendants must answer Plaintiffs' Complaint. *See Phoenix v. Wormuth*, No. 23-5130, 2023 U.S. App. LEXIS 30226, at *13 (6th Cir. Nov. 13, 2023) (affirming the denial of the plaintiff's motion for default judgment, because the defendant filed a partial motion to dismiss); *Banjerjee v.*

*Univ. of Tenn.*, 820 F. App'x 322, 326 n.3 (6th Cir. 2020) (recognizing that filing of a partial motion to dismiss normally tolls the time within which a defendant must answer); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (3d ed. 2020) (noting that the weight of authority holds that "the filing of a motion that addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion"); *see also Holloway v. JTM Capital Mgmt., LLC*, No. 1:18CV1794, 2019 U.S. Dist. LEXIS 34984, at *2 (N.D. Ohio Mar. 5, 2019) ("…the greater weight of authority supports the conclusion that a partial motion to dismiss suspends the time to Answer on those claims that are not the subject of the motion.").

Should the Court require a responsive pleading as to the allegations and claims not addressed by this partial motion to dismiss, Defendants respectfully request leave to file such pleading within fourteen (14) days of the Court's ruling on this motion.

**B. Rule 12(b)(6) Standard of Review**

"A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-959 (6th Cir. 2005). The Court must construe the complaint in the non-moving party's favor, accept all factual allegations as true, and draw reasonable inferences in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). It need not, however, accept conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal under Rule 12(b)(6) is warranted where, as here, the complaint fails to state a claim "that is plausible on its face." *Id.* A claim

is plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

The remedy for a successful Rule 12(b)(6) motion is dismissal, not leave to amend. *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000) (affirming dismissal of the plaintiff's complaint and explaining that "the granting of a defendant's motion to dismiss does not ordinarily afford the unsuccessful plaintiffs any opportunity to further clarify their allegations with proof and evidence.").

### C. Plaintiffs Failed to Exhaust Their Administrative Remedies as To ADCO Products, LLC, and ADCO Products, Inc.

Before bringing employment discrimination claims under Title VII, the ADA, and R.C. 4112, a plaintiff must first exhaust their administrative remedies by filing a charge of discrimination with the EEOC and OCRC. *Mohamed Warsame v. Se. Healthcare, Inc.*, 2026 LX 502088, at *11, 14, 16-17 (S.D. Ohio Sep. 28, 2026). Generally, a plaintiff cannot pursue claims against a defendant not named in the charge. *Abel v. Marlin Mfg. Co.*, 2025 LX 463146, at *14 (N.D. Ohio Sep. 22, 2025); *Williams v. City of Columbus*, 892 F. Supp. 2d 918, 924 (S.D. Ohio Sept. 12, 2012). The Sixth Circuit recognizes a limited exception to this rule "if there is a clear identity of interest between it and a party named in the EEOC charge." *Id.*, citing *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984). Courts apply two tests to determine whether an identity of interest exists. *Williams*, 892 F. Supp. 2d at 924. Under the first, "an identity of interest exists when the unnamed party has sufficient notice of the claim to participate in voluntary conciliation

proceedings." *Id.*, citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981). Under the second test, courts consider four factors concerning the relationship between the named and unnamed parties when the charge is filed and conciliation occurs:

> 1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> (2) Whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> (3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and
>
> (4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.*, citing *Romain v. Kurek*, 836 F.2d 241, 245-46 (6th Cir. 1987).

Here, the Complaint does not allege sufficient facts to satisfy either test. As to the first test, Diaz's Charge neither named nor referenced ADCO. (*See* Ex. 1). Rather, it named only "H.B. Fuller." (*Id.*). The Complaint does not allege that ADCO had notice of the Charge, participated in the OCRC proceedings, or otherwise had the opportunity to engage in conciliation. The Complaint therefore does not satisfy the first test.

The Complaint likewise fails to satisfy the second test. First, ADCO's role was ascertainable when Diaz filed her Charge: the Complaint alleges that Plaintiffs' earnings statements identified ADCO as their employer, which Plaintiffs possessed when the Charge was filed. Furthermore, the Complaint does not allege that (i) Plaintiffs were unaware of ADCO's role at that time; (ii) ADCO's interests were "so similar" to H.B. Fuller's that

naming ADCO was unnecessary; (iii) ADCO suffered no prejudice as a result of its absence in the administrative proceedings; and (iv) ADCO represented that its relationship with Plaintiffs would be through H.B. Fuller. Although Plaintiffs make conclusory allegations that H.B. Fuller and ADCO are a single and/or joint employer, they do not allege that ADCO is H.B. Fuller's "alter ego." *See Abel*, 2025 LX 463146, at *15-16 (dismissing claims against an unnamed party where the complaint failed to allege facts establishing a "clear identity of interest" with the named party); *Wilson v. Bridgewell Hosp./Evergreen*, 2014 U.S. Dist. LEXIS 178487, at *9 (S.D. Ohio Dec. 3, 2014) (dismissing unnamed party for failure to exhaust where the allegations did not establish that the unnamed party had notice of the claim or an opportunity to participate in conciliation). Plaintiffs therefore have failed to satisfy their administrative exhaustion requirement as to any claims asserted against ADCO.

Accordingly, all discrimination and retaliation claims against ADCO in Counts I, II, III, IV, V, VI, VII, VIII, and IX must be dismissed.

**D. Plaintiffs Failed to Exhaust Their Administrative Remedies as To Their Retaliation Claims**

Administrative exhaustion is a *precondition* to bringing discrimination or retaliation claims under Title VII, the ADA, and Ohio Revised Code Chapter 4112. *Mohamed Warsame v. Se. Healthcare, Inc.*, 2026 LX 502088, at *11, 14, 16-17 (S.D. Ohio Sep. 28, 2026). For claims under Title VII and the ADA, a plaintiff must first file an EEOC charge within 300 days of the allegedly unlawful discriminatory practice. *Id*. at *11-12, citing 42 U.S.C. § 2000e-5(e). A court's review is limited to claims explicitly raised in the charge and those reasonably expected to grow out of it. *Id*., citing *Pemberton v. Bell's*

*Brewery, Inc.*, 150 F.4th 751, 761 (6th Cir. 2025). Similarly, R.C. § 4112.052 requires a plaintiff to file discrimination or retaliation claims under Ohio law with the Ohio Civil Rights Commission ("OCRC"). A plaintiff may pursue those claims in court only after receiving a notice of right to sue or the OCRC's failure to issue one within 45 days. *Id.* at *17. Failure to exhaust provides a valid basis for dismissal under both state and federal law. *Id.* at *15; *Williams v. Northwest Airlines,* 53 Fed. Appx. 350, 351, 2002 U.S. App. LEXIS 26362, *4 (6th Cir. 2002).

Under the "single-filing rule," an employee who did not file an EEOC charge may rely on another employee's timely filed charge "where a substantially related non-filed claim arises out of the same time frame." *EEOC v. Wilson Metal Casket Co*., 24 F.3d 836, 840 (6th Cir. 1994). The rule avoids requiring employees with the same grievance to file identical charges. *Id.*

**1. Plaintiffs Failed To Exhaust Their Administrative Remedies As To Any Retaliation Claim**

Plaintiffs' retaliation claims under Title VII, the ADA, and R.C. 4112 should be dismissed for failure to exhaust. These statutes prohibit retaliation for opposing an unlawful discriminatory practice, or making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under the applicable statute. *See* 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203(a); R.C. 4112.02(I).

Diaz did not check the "retaliation" box in her Charge. (Ex. 1). As such, the Charge did not expressly identify any retaliation claim on which either she or Watkins could rely. *Clifford v. Dep't of Youth Servs. Indian River Juv. Corr. Facility,* 2023 U.S. Dist. LEXIS 182483, at *16 (N.D. Ohio Oct. 11, 2023) (explaining that when a plaintiff fails to check

the box identifying a claim, the determinative inquiry is whether the charge alleges sufficient facts to put the EEOC on notice).

Thus, the only question for the Court is whether a retaliation claim could be reasonably expected to grow from Diaz's Charge. Even a liberal and generous reading of Diaz's Charge does not permit that conclusion. It neither uses the term "retaliation" nor identifies protected activity and an adverse action taken *because of* that activity. Rather, Diaz alleges that she and Watkins were terminated for submitting a complaint to HR alleging "employee misconduct." Nothing in the Charge identifies that complaint as opposition to an unlawful discriminatory practice under state or federal law. "Employee misconduct" encompasses many forms of conduct and does not, without more, identify statutorily protected opposition. *See Gaston v. Cuyahoga Community College*, 2025 U.S. Dist. LEXIS 48223, at *15 (N.D. Ohio Mar. 17, 2025) (rejecting a retaliation claim where the charge alleged retaliation for complaining about scheduling practices affecting students, not opposition to unlawful discrimination); *Jackson*, 2019 U.S. Dist. LEXIS 114626, at *3 (finding no exhaustion where the plaintiff neither checked the retaliation box nor alleged facts suggesting retaliation in the charge's narrative); *Gurish v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 2012 U.S. Dist. LEXIS 119435, at *6 (N.D. Ohio Aug. 23, 2012) (reporting an unsafe work environment was not protected activity under Title VII); *Weldon v. Warren Cty. Children Servs*, 2012 U.S. Dist. LEXIS 162615, at *16 (S.D. Ohio Nov. 14, 2012) (dismissing retaliation claim where the plaintiff "did not mention 'retaliation' or indicate she engaged in any protected activity, and her

narrative in the Charge would not prompt the EEOC to investigate a separate claim of retaliation.”).

Similarly, Plaintiffs did not exhaust a retaliation claim under the ADA and R.C. 4112 based on Diaz’s purported accommodation request. Apart from checking the “Denial of Reasonable Accommodation” box, the Charge does not allege that Diaz requested and was denied a reasonable accommodation. Even if construed to assert a failure-to-accommodate claim, it does not allege that either Diaz or Watkins were terminated *because* Diaz requested an accommodation or engaged in any other protected activity. Instead, it attributes their terminations to their complaint about “employee misconduct.” Courts have found more explicit allegations of an accommodation request followed by termination insufficient to exhaust a separate retaliation claim. *See Coles v. Johnny Appleseed Broad Co.*, 479 F. Supp. 3d 585, 610 (N.D. Ohio 2020) (Barker, J.) (holding that a charge stating “I requested a reasonable accommodation on April 12, 2017, and Respondent denied my accommodation request and terminated my employment” was insufficient to “put the EEOC on notice of a separate retaliation claim”); *Blake v. Dollar Bank*, 2026 LX 105730, at *21 (N.D. Ohio Mar. 12, 2026) (finding an ADA retaliation claim unexhausted where the plaintiff did not check the retaliation box and alleged only a request for medical leave).

Finally, apart from Diaz’s failure to exhaust, Watkins cannot invoke the single-filing rule to assert an ADA retaliation claim based on Diaz’s alleged request for accommodation because his claims are not substantially related to the claim Diaz actually presented for administrative review. Diaz’s Charge presented her own disability discrimination claim, alleging that Defendants failed to excuse her disability-related

absences and terminated her employment. Watkins, by contrast, alleges retaliation against him based on Diaz's purported request for accommodation. That theory necessarily turns on matters unique to Watkins, including whether Diaz engaged in protected activity, whether the relevant decisionmakers knew of that activity, and whether Watkins suffered an adverse action because of Diaz's activity. Those allegations are not substantially related to Diaz's disability discrimination claim. Moreover, Diaz's Charge expressly attributed Plaintiffs' terminations to their joint complaint of "employee misconduct"—not Diaz's request for an accommodation. Allowing Watkins to piggyback an ADA retaliation claim premised on Diaz's alleged accommodation request would therefore expand the single-filing rule beyond its purpose and permit Watkins to pursue a claim not presented for administrative review. Watkins cannot rely on Diaz's Charge to satisfy the exhaustion requirement under the ADA.

Accordingly, Diaz failed to exhaust any retaliation claim, and Watkins may not use the single-filing rule either to cure that defect or to assert distinct retaliation theories without having filed a charge of his own.

**E. Plaintiffs' Complaint Fails to State a Plausible Promissory Estoppel Claim**

Under Ohio law, promissory estoppel is defined as "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Goodyear Tire & Rubber Co. v. Daimler Trucks N. Am., LLC*, 2017 U.S. Dist. LEXIS 149202, at *8 (N.D. Ohio Sep. 14, 2017), citing *Dailey v. Craigmyle & Son Farms, L.L.C.*, 177 Ohio App. 3d 439, 446, 2008 Ohio

4034, 894 N.E.2d 1301 (2008). To state a claim for promissory estoppel, a plaintiff must allege (1) a clear and unambiguous promise; (2) reliance upon the promise by the person to whom the promise was made; (3) reasonable and foreseeable reliance; and (4) injury resulting from that reliance. *Id.*

The Complaint does not satisfy the pleading standard established by *Iqbal* and *Twombly*. Watkins's promissory estoppel allegations largely recite legal conclusions. Beyond alleging that "[i]n August 2024, Defendants agreed to increase Watkins's hourly wage rate to $25.00 per hour," the Complaint contains no allegations identifying (i) when in August the promise was made; (ii) who made it; (iii) how it was communicated; (iv) when the raise would take effect; or (v) the alleged promise's wording. Even taken at face value, the scant Complaint allegations do not plausibly establish a clear and unambiguous promise. *See Stewart v. Everyware Glob., Inc.*, 68 F. Supp. 3d 759, 767 (S.D. Ohio 2014) (dismissing a promissory estoppel claim where the complaint did not describe the promises' wording or identify when and by whom they were made).

The Complaint also fails to sufficiently allege detrimental reliance. It only alleges that Watkins relied on the promised raise by "continuing to work at the lower rate….rather than seeking other employment." (Compl. ¶ 129). It does not allege that he rejected a more advantageous employment opportunity in reliance on the alleged promise. Continued at-will employment, which either party may terminate any time, does not constitute detrimental reliance absent the rejection of another employment opportunity in reliance on the alleged promise. *See Manwaring v. Martinez*, 527 F. Appx 390, 400 (6th Cir. 2013) (mere failure to seek other employment does not establish detrimental reliance); *Clayton v.*

*Cleveland Clinic Found.*, 2015-Ohio-1547, ¶ 19 (8th Dist. Ct. App.) ("Detrimental reliance does not exist where the promisee merely refrains from seeking other employment; she must reject a specific offer of employment to show detrimental reliance."); *Rogers v. Nat'l City Corp.*, 2009-Ohio-2708, ¶ 24 (8th Dist. Ct. App.) (a bare assertion that plaintiff gave up other employment opportunities is insufficient to establish detrimental reliance); *Lake v. Wolff Bros. Supply, Inc.*, 1993 Ohio App. LEXIS 5352, at *6-7 (8th Dist. Ct. App.) (an at-will employee could not establish detrimental reliance without asserting that he rejected other employment opportunities in reliance on promise).

Because the Complaint does not plausibly allege either a clear and unambiguous promise or detrimental reliance, Watkins's promissory estoppel claim should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Partial Motion to Dismiss and dismiss with prejudice: (1) all discrimination and retaliation claims against Defendants ADCO Products, LLC and ADCO Products, Inc. (Counts I-IX); (2) Diaz's retaliation claims under Title VII, the ADA, and R.C. Chapter 4112 (Counts I, IV, and IX); (3) Watkins's retaliation claims under Title VII and the ADA (Counts V and VI); and (4) Watkins's promissory estoppel claim (Count XI).

Dated: November 17, 2026

Respectfully submitted,

*/s/ Andrew N. Domozick*

Ryan J. Morley, Bar No. 0077452
rmorley@littler.com
Andrew N. Domozick, Bar No. 101167
adomozick@littler.com
Katherine J. Mills, Bar No. 102569
kamills@littler.com
LITTLER MENDELSON, P.C.
Key Tower
127 Public Square, Suite 1600
Cleveland, Ohio 44114-9612
Telephone: 216.696.7600
Facsimile: 216.696.2038

Attorneys for Defendants H.B. FULLER COMPANY, ADCO PRODUCTS, LLC, AND ADCO PRODUCTS, INC.

**CERTIFICATE OF COMPLAINCE WITH L.R. 7.1**

I hereby certify that on this 17th day of November 2026, the foregoing *Defendants' Partial Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(B)(6)* complies with the page limitations set forth in L.R. 7.1. This case has not yet been assigned a track and does not exceed 20 pages in length.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November 2026, the foregoing *Defendants' Partial Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(B)(6)* has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and parties may access the document through the Court's electronic filing system.

/s/ *Andrew N. Domozick*
An Attorney for Defendants